| STATE OF TENNESSEE 20TH JUDICIAL DISTRICT CHANCERY COURT | SUMMONS | CASE FILE NUMBER |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | |

**TO: (NAME AND ADDRESS OF DEFENDANT)**

Method of Service:

- ☐ Certified Mail
- ☐ Davidson Co. Sheriff
- ☐ *Comm. Of Insurance
- ☐ *Secretary of State
- ☐ *Out of County Sheriff
- ☐ Private Process Server
- ☐ Other

List each defendant on a separate summons.   *Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| **Attorney for plaintiff or plaintiff if filing Pro Se:** (Name, address & telephone number) | **FILED, ISSUED & ATTESTED** |
|---|---|
| | **MARIA M. SALAS, Clerk and Master** <br> **By:**  1 Public Square <br> Suite 308 <br> Nashville, TN 37201 <br><br> *Bettie Ross* <br> **Deputy Clerk & Master** |

### NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| **TO THE SHERIFF:** | **DATE RECEIVED** |
|---|---|
| | |
| | **Sheriff** |

\*\*\*Submit one original plus one copy for each defendant to be served.

♿ADA Coordinator, Maria M. Salas (862-5710)

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____  ☐ Not Found _____
☐ Not Served _____  ☐ Other _____

| DATE OF RETURN: | By: |
| --- | --- |
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____. On the _____ day of _____, 20___, I received the return receipt, which had been signed by _____ on the _____ day of _____, 20___.
The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| **Sworn to and subscribed before me on this _____ day of _____ _____, 20___.** <br>Signature of ____ Notary Public or ____ Deputy Clerk <br><br>My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
| --- | --- |
| ### NOTICE OF PERSONAL PROPERTY EXEMPTION <br>TO THE DEFENDANT(S): <br>    Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. <br><br>    Mail list to:  Clerk & Master <br>                      1 Public Square <br>                      Suite 308 <br>                      Nashville TN 37201 <br><br>Please state file number on list. | ATTACH <br>RETURN <br>RECEIPT <br>HERE <br>(IF APPLICABLE) |

## CERTIFICATION (IF APPLICABLE)

| I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | MARIA M. SALAS, Clerk & Master <br><br>By: *Bettie Ross* <br>                            D.C. & M. |
| --- | --- |

# IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| SEE AMERICA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| CLARKE POWER SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I.   THE PARTIES, VENUE AND JURISDICTION

1. Plaintiff See America, LLC is a Montana limited liability company. Plaintiff is the owner of a tour bus that it leases it to a third-party music group.

2. Defendant Clarke Power Services, Inc. is an Ohio corporation registered to do business in Tennessee. It has twenty-one locations across nine states.

3. This Court has subject matter jurisdiction over this dispute pursuant to Tenn. Code Ann. § 16-11-101, *et seq*.

4. This Court is the proper venue to hear this dispute pursuant to Tenn. Code Ann. § 20-4-101, *et seq*. as the events giving rise to this case occurred in Davidson County.

### II.   FACTUAL BACKGROUND

5. Plaintiff is the owner of a 1999 Prevost H3 Coach ("Bus").

6. On February 11, 2019, Mr. Dickinson, the owner of See America, LLC, instructed a representative of Busforsale.com, where the bus was parked, to repair an exhaust manifold leak on the Bus.

7. Busforsale.com then took the Bus to Defendant in Antioch, Tennessee for service.

8. Defendant called Mr. Dickinson regarding the repair and informed him of an oil leak.

9. Mr. Dickinson authorized the repairs over the phone, and Defendant agreed to make the repairs. The price of this service was $5,810.36.

10. Mr. Dickinson was not provided a copy of an estimate or invoice prior to the repair being performed.

11. The Bus was returned to Mr. Dickinson on February 22, 2019.

12. Prior to Clarke's work on the Bus, it ran cool, did not burn oil, and did not lose compression. However, after the repair, it was running noticeably hotter and louder.

13. Clarke assured Mr. Dickinson that these conditions were normal, and Mr. Dickinson began a multistate musical tour using the Bus.

14. When the Bus arrived in Florida at the end of the tour, it was still running hot and loud.

15. Clarke instructed Mr. Dickinson to take the Bus to Florida Detroit Diesel Allison in Miami, Florida ("FDDA").

16. However, while en route to FDDA, on March 10, 2019, the engine exploded, suffering extensive damage.

17. The Bus had to be towed to FDDA. FDDA repaired the Bus, which cost $39,138.74.

18. Defendant's insurer paid for this repair.

19. The bus was inoperable for months while these repairs were being made.

20. FDDA informed Plaintiff this was the most catastrophic event they had ever seen. Pieces of the engine came apart, teeth on the gears were sheared off, some of the gears and pieces are actually melted and fused to other parts inside the engine.

21. FDDA determined the event was caused by Clarke Power's improper alignment and calibration of the gear box.

22. The Bus was retrieved from FDDA on July 10, 2019.

23. Although Plaintiff made efforts to mitigate its losses, it incurred significant expenses as a result of the loss of use of the Bus while the engine was being repaired.

24. For example, rather than spending what would have been approximately $174,000.00 renting a tour bus, Plaintiff incurred costs for using rental vehicles and booking flights to transport six band members.

25. Because the band could not stay on the Bus while on tour, Plaintiff also had to book hotel rooms.

### III. CAUSES OF ACTION

26. Plaintiff sues Defendant for breach of contract, negligence, and breach of warranty, including the implied warranties of merchantability and fitness for a particular purpose.

### IV. DEMAND

WHEREFORE, Plaintiff demands:

1. Compensatory damages against Defendant of at least $75,000.00;

2. Court costs and discretionary costs;

3. Pre-judgment;

4. Post-judgment interest; and

5. Such further relief as this Court may deem proper.

Respectfully submitted,

s/ Michael A. Johnson
Michael A. Johnson (#30210)
F. Dalton Thompson, III (#37904)
KAY GRIFFIN, PLLC
222 Second Ave. North, Suite 340-M
Nashville, TN 37201
mjohnson@kaygriffin.com
dthompson@kaygriffin.com
(615) 742-4800
*Attorneys for Plaintiff*